**Paul E. JONES, Jr., et al., Plaintiffs,**

v.

**Paul E. JUDY, Defendant.**

No. C 87–7289.

United States District Court,
N.D. Ohio, W.D.

June 15, 1990.

John Zimmerman, Defiance, Ohio, for plaintiffs.

Frank Cubbon, Toledo, Ohio, for defendant.

## OPINION AND ORDER

JOHN W. POTTER, District Judge:

Pursuant to 28 U.S.C. § 636(c)(1), Fed.R. Civ.P. 73(b) and Local rule 19.06, this cause, on this Court's order of reference, was transferred to Magistrate Carr to conduct all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c). Magistrate Carr has been designated to exercise jurisdiction over civil matters by Local Rule 19.06. The order of reference provided that all parties consent to have the case appealed on the record to a district judge. See Fed.R.Civ.P. 73(d).

The Magistrate filed his memorandum and order on July 17, 1989 granting summary judgment for defendant and dismissed plaintiffs' complaint with prejudice. The Magistrate denied defendant's claim for mandatory indemnification for costs, expenses and attorney's fees. No separate journal entry was filed. The Magistrate ordered that plaintiffs had twenty days from the filing of his order to respond to defendant's counterclaim.

Plaintiffs filed their notice of appeal on August 24, 1989, and the parties eventually filed their appellate briefs. Unfortunately, the appeal was not promptly brought to the Court's attention, and a period of delay has occurred. The appellee did not object to this Court's appellate jurisdiction. This Court finds it does not have jurisdiction to hear the appeal because appellants have not appealed from a final order. Fed.R. Civ.P. 54(b) is as follows:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

In the case sub judice, the counterclaim of defendant is still pending. There was no express determination that there is no just cause for delay and thus no final appealable order.

Section 636(c)(4) of 28 U.S.C. is applicable due to the election of the parties to appeal to the district court. It is as follows:

(4) Notwithstanding the provisions of paragraph (3) of this subsection, at the time of reference to a magistrate, the parties may further consent to appeal on the record to a judge of the district court in the same manner as on an appeal from a judgment of the district court to a court of appeals. Wherever possible the local rules of the district court and the rules promulgated by the conference shall endeavor to make such appeal inexpensive. The district court may affirm, reverse, modify, or remand the magistrate's judgment.

See also 8 Fed.Prac.L.Ed. § 20:141.

This Court, sitting as a court of appeals, must apply the same rules as a court of appeals. 7–Pt.2 J. Moore, J. Lucas & K. Sinclair, Moore's Fed.Prac. § 73.06[3]. This Court sua sponte finds that there is no final order or a proper interlocutory order subject to its jurisdiction pending for review. *Id.* at § 73.06[5]. See also 6 J. Moore, W. Taggart & J. Wicker, Moore's Fed.Prac. § 54.41[4].

THEREFORE, for the foregoing reasons, it is

ORDERED that the appeal is hereby dismissed without prejudice, and this cause is

remanded to Magistrate Carr for further proceedings.